# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD ALBERT PAYNE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WASCO STATE PRISON, et al.,<br><br>　　　　Defendants. | 1:13-cv-00313-LJO-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

### I.　Screening Requirement and Standard

Plaintiff Lloyd Albert Payne ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on March 5, 2013, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at North Fork Correctional Facility in Sayre, Oklahoma. The events in his compliant allegedly occurred while he was housed at Wasco State Prison. Plaintiff names the following defendants: (1) Wasco State Prison; (2) Warden John Katavich; (3) Correctional Sergeant S. Butler; and (4) Correctional Officer A. Guitierres. Defendants are sued in their individual and official capacities.

Plaintiff alleges as follows: On June 6, 2012, Plaintiff reported to work at 8:00 p.m. in the Retherm Kitchen. Two hours into his shift, Correctional Officer A. Guitierres approached Plaintiff and asked him if he was refusing to work. Plaintiff said, "No, I'm taking a break." (ECF No. 1, p. 9.) Officer Guitierres insisted that Plaintiff step out of the kitchen. Officer Guitierres threatened violence, stating "Take it out of the kitchen. That's a direct order. If you don't take it out I'm going to empty my can [chemical weapon] on you." (ECF No. 1, p. 9.) Plaintiff moved outside of his assigned area and asked why he was being removed. Officer

Guitierres stated, "I should not be comfortable if I'm not working." (ECF No. 1, p. 9.) While outside, Officer Guitierres searched Plaintiff aggressively while Plaintiff was handcuffed.

Officer Guitierres called Sgt. Butler. Sgt. Butler arrived with two unknown officers. Officer Guitierres told Sgt. Butler that Plaintiff was refusing to work and he asked Sgt. Butler to make it uncomfortable for Plaintiff. Sgt. Butler placed Plaintiff in a human sized cage and stripped Plaintiff of all his clothes. Plaintiff was forced to stand in the cold from 10:30 p.m. to 4:30 a.m. Sgt. Butler came out at 12:00 a.m. and asked Plaintiff what his problem was. Plaintiff told him that he was fine, but that the officer was acting outside of his job description by questioning Plaintiff about his job duties because Plaintiff's supervisor had given him specific duties. Sgt. Butler told Plaintiff that he had to follow orders and if officers tell him to go outside then he is to go outside. Plaintiff told Sgt. Butler that he did not have to go outside unless he did something that warranted his removal or if he was a threat to safety and security. Sgt. Butler responded that it does not work that way and Plaintiff should do what he is told or they will make it uncomfortable for him and put him in a cage every night where he could not stretch, rest or sleep. Plaintiff complains that he cannot stand for long periods of time because of thoracolumbar scoliosis.

On July 7, 2012, while Plaintiff was at work, Officer Guitierres entered Plaintiff's work area. Plaintiff told him that he was in fear of his life and needed to speak to Officer Guitierres' supervisor due to a hostile environment. Officer Guitierres said, "No. Are you refusing to work?" (ECF No. 1, p. 10.) Plaintiff said he needed to speak with his supervisor and stated, "I am in fear of my life by your intimidating me." (ECF No. 1, p. 10.) Officer Guitierres ordered Plaintiff out of the kitchen. When Plaintiff refused, Officer Guitierres called Sgt. Butler. Plaintiff was placed in a cage and punished without cause. Lieutenant Ledbetter came to talk with Plaintiff, but Sgt. Butler talked over Plaintiff and told Lieutenant Ledbetter that Plaintiff was a punk, acting like a bitch, scared to be a man in prison and did not want to work. Sgt. Butler also said that Plaintiff was undermining his kitchen program. Lieutenant Ledbetter said he would place Plaintiff in administrative segregation if his officers removed Plaintiff from the kitchen for another night. Plaintiff told Lieutenant Ledbetter that the officers were creating a

hostile environment and forced him to stand in a cage.  Lieutenant Ledbetter instructed Plaintiff to "Start over tomorrow.  File a 602 grievance and go through the channel" if he thinks they are wrong.  (ECF No. 1, p. 11.)  Plaintiff stood in the cold cage for another 6 hours.

Plaintiff contends that his back began to hurt chronically after being placed in the cages and he saw a doctor.

Plaintiff asserts that defendants violated 18 U.S.C. § 241, and he seeks declaratory and injunctive relief, along with punitive damages.

### III. Deficiencies of Complaint

Plaintiff requests relief pursuant to 18 U.S.C. § 241, which is a criminal statute.  Criminal statutes generally do not provide a private cause of action or a basis for civil liability.  See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  Indeed, Plaintiff does not have a private right of action to sue defendants civilly for violating section 241.  Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (section 241 is a criminal statute that does not give rise to civil liability).  Thus, Plaintiff fails to state any cognizable claim based on defendants' alleged violation of criminal statutes.  Although Plaintiff may not pursue any criminal claims against defendants, the Court will provide Plaintiff with leave to amend as it appears he may be able to state a cognizable civil rights claim.

To assist Plaintiff, the Court provides the following pleading and legal standards that appear to apply to his claims.  Plaintiff should amend only those claims that he believes, in good faith, are cognizable.  If Plaintiff chooses to amend, he should not renew any criminal claims in his amended complaint.

### B. Relevant Pleading and Legal Standards
### 1. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Plaintiff has failed to link Defendant Warden Katavich to any constitutional violation. If he elects to amend his complaint, Plaintiff must link the actions of Defendant Warden Katavich to any alleged deprivation. To the extent Plaintiff seeks to bring suit against Defendant Katavich based on the Warden's role as a supervisor, he may not do so. Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Moss v. U.S. Secret Service, 711 F.3d 941, 967-68 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff has not alleged that Defendant Warden Katavich was personally involved the constitutional deprivation or that the Warden instituted a deficient policy.

///

### 2. Official Capacity and Eleventh Amendment

To the extent Plaintiff seeks to obtain money damages from Wasco State Prison or defendants in their official capacities, he may not do so. The Eleventh Amendment prohibits suits for monetary damages against a State, its agencies, and state officials acting in their official capacities. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). As such, the Eleventh Amendment bars any claim for monetary damages against Wasco State Prison or defendants in their official capacities.

### 3. Injunctive Relief

Plaintiff seeks injunctive relief related to defendants at Wasco State Prison. However, Plaintiff is no longer incarcerated at Wasco State Prison and has been transferred to North Fork Correctional Facility in Oklahoma. As a result, his claim for injunctive relief is now moot. See Holt v. Stockman, 2012 WL 259938, *6 (E.D. Cal. Jan.25, 2012) (a prisoner's claim for injunctive relief is rendered moot when he is transferred from the institution whose employees he seeks to enjoin from harming him); see also Andrews v. Cervantes, 493 F.3d 1047, 1053 n. 5 (9th Cir. 2007).

### 4. Eighth Amendment – Excessive Force

The relevant inquiry for this claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6–7, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992); Whitley v. Albers, 475 U.S. 312, 320, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986). In making this determination, the court may evaluate "the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted." Whitley, 475 U.S. at 321, 106 S.Ct. at 1085; Marquez v. Gutierrez, 322 F.3d 689, 692 (9th Cir.2003).

However, "not every malevolent touch by a prison guard gives rise to a federal cause of action." Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178, 175 L.Ed.2d 995 (2010) (quoting Hudson, 503 U.S. at 9, 112 S.Ct. at 1000). The Eighth Amendment's prohibition of cruel and unusual punishments "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience

of mankind." Id. at 37–38. "An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim." Id. at 38.

Plaintiff fails to state a cognizable excessive force claim against Defendant Guitierres based on an aggressive search. This purported use of force is de minimis and does not warrant constitutional recognition. Id. at 37-38. To the extent Plaintiff complains of threats by Defendant Guitierres or Defendant Butler, he also does not state a cognizable claim. Verbal threats, without more, are not sufficient to state a constitutional deprivation under § 1983. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir.1987)

### 5. Eighth Amendment – Conditions of Confinement

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir.2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150–51 (9th Cir.2010); Foster v. Runnels,

554 F.3d 807, 812–14 (9th Cir.2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.1998).

Plaintiff's allegations that he was placed in a holding cage for six hours on two consecutive days does not state a cognizable Eighth Amendment claim. This time in a holding cage fails to state a cognizable claim regarding the conditions of his confinement as temporarily unconstitutional conditions of confinement do not rise to the level of constitutional violations. See Anderson v. County of Kern, 45 F.3d 1310 (9th Cir.1995). Further, Plaintiff fails to establish that defendants knew of his back condition or that he suffered more than mere discomfort from the placement.

### IV. Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim.  However, the Court will provide Plaintiff with the opportunity to file an amended complaint to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).  Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey, 693 F.3d at 927.  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and

4. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.</u>

IT IS SO ORDERED.

Dated:   **May 1, 2014**                              /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE