# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD ALBERT PAYNE,<br><br>    Plaintiff,<br><br> v.<br><br>WASCO STATE PRISON, et al.,<br><br>    Defendants. | 1:13-cv-00313-LJO-BAM (PC)<br><br>SCREENING ORDER DISMISSING FIRST AMENDED COMPLAINT AND GRANTING LEAVE TO AMEND<br>(ECF No. 11)<br><br>THIRTY-DAY DEADLINE |

## I. Screening Requirement and Standard

Plaintiff Lloyd Albert Payne ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On May 2, 2014, the Court dismissed Plaintiff's complaint with leave to amend within thirty days. Plaintiff's first amended complaint, filed on May 27, 2014, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Allegations in First Amended Complaint

Plaintiff is currently housed at North Fork Correctional Facility in Sayre, Oklahoma. The events in his compliant allegedly occurred while he was housed at Wasco State Prison. Plaintiff names the following defendants: (1) John Katavich, Chief Executive Officer; (3) Correctional Sergeant S. Butler; and (4) Correctional Officer A. Gutierres. Defendants are sued in their individual capacities.

Claim 1

In Claim 1, Plaintiff asserts a violation of his right to be free from cruel and unusual punishment. Plaintiff alleges as follows: To prevent greater harm to his back, Plaintiff would not stand for an hour. Defendant A. Gutierres made a judgment that Plaintiff was not in chronic pain and did not want to work in a retherm kitchen. Plaintiff previously told the officer that he had chronic pain and could not stand for a long time. On the night of the incident, June 6, 2012/June 7, 2012, Defendant A. Gutierres, along with Defendant Butler, removed Plaintiff from

the kitchen by escort of two unknown officers and placed him in a standing cage for more than 4 hours, totaling 12 hours.  Since that time, Plaintiff's back pains have worsened.  Plaintiff previously told Gutierres of his chronic pain and had requested a comprehensive modification to not stand for 1 hour and not perform heavy duty or lifting/bending of any kind.  The officers did not take this seriously.

Claim 2

In Claim 2, Plaintiff asserts a claim for violation of the Equal Protection Clause.  Plaintiff alleges that Warden John Katavich wrote a memorandum for his personnel staff to come up with tactics to get inmates to work because his kitchen program was failing in the retherm.  Plaintiff contends that this links the Warden to the cause of action involving the officers as his officers claimed to be enforcing institutional rules by placing him in a cage.  Plaintiff further contends that the institutional policy was deficient for chronic care inmates and violated his equal protection rights by assignment to a heavy duty job, extreme disciplinary measures and rule violation reports.

Plaintiff also alleges that he was unequally protected when the kitchen personnel staff supervisor, Brown, had been notified by Plaintiff and Chief Medical in June 2012, that to prevent greater harm the supervisors were to accommodate Plaintiff's medical specifications.  Plaintiff alleges that the result of him not being equally protected caused him injury to his person and his record.  Plaintiff contends that he suffers increased back pain since June 6, 2012.

Relief

Plaintiff seeks declaratory relief, punitive damages, and injunctive relief in the form of dismissal of his rule violation reports.

### III. Deficiencies of Complaint

#### 1. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678

(citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's complaint is disjointed and difficult to understand.  Although detailed factual allegations are not required, Plaintiff's conclusory statements and limited facts, if any, are not sufficient to state a claim that is plausible on its face.  If Plaintiff elects to amend his complaint, he must set forth sufficient factual allegations against each defendant.

### 2. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

As with his original complaint, Plaintiff has failed to link Defendant Warden Katavich to any constitutional violation.  If he elects to amend his complaint, Plaintiff must link the actions of Defendant Warden Katavich to any alleged deprivation.  To the extent Plaintiff seeks to bring suit against Defendant Katavich based on the Warden's role as a supervisor, he may not do so. Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062,

1074-75 (9th Cir. 2013); Moss, 711 F.3d at 967-68; Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc).  "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16.  "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff has not alleged that Defendant Warden Katavich was personally involved the constitutional deprivation or that the Warden instituted a deficient policy.  Plaintiff's allegations related to implementation of a policy to increase kitchen personnel is not sufficient as Plaintiff alleges that he was removed from the kitchen.  Plaintiff's vague allegations regarding institutional rules also are not sufficient to state a claim against Defendant Katavich.

   **3.     Eighth Amendment – Conditions of Confinement**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir.2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346.

1    Prison officials have a duty to ensure that prisoners are provided adequate shelter, food,
2  clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th
3  Cir.2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains
4  while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks
5  omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials
6  were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer,
7  511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150–51 (9th Cir.2010); Foster v. Runnels,
8  554 F.3d 807, 812–14 (9th Cir.2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost
9  v. Agnos, 152 F.3d 1124, 1128 (9th Cir.1998).

10    Plaintiff's allegations that he was placed in a holding cage for four hours, totaling twelve
11  hours on two consecutive days does not state a cognizable Eighth Amendment claim. Plaintiff's
12  assertion of four hours each on two days does not equate with twelve total hours in a holding
13  cage.  Further, four hours in a holding cage fails to state a cognizable claim as temporarily
14  unconstitutional conditions of confinement do not rise to the level of constitutional violations.
15  See Anderson v. County of Kern, 45 F.3d 1310 (9th Cir.1995).  Further, Plaintiff has not alleged
16  that he has been granted any medical accommodations by prison officials or doctors.

17    **4.    Equal Protection**

18    The Equal Protection Clause requires that all persons who are similarly situated should be
19  treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v.
20  Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). To state an
21  Equal Protection claim, Plaintiff must show that the defendants acted with an intent or purpose to
22  discriminate against him based on membership in a protected class, Lee, 250 F.3d at 686; Barren
23  v. Harrington, 152 F.3d 1193, 1194 (1998), or that similarly situated individuals were
24  intentionally treated differently without a rational relationship to a legitimate state purpose,
25  Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech,
26  528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000).

27    Plaintiff has not alleged that defendants discriminated against him based on membership
28  in a protected class.  Plaintiff also has not alleged that similarly situated individuals were

intentionally treated differently without a rational relationship to a legitimate state purpose. At best, Plaintiff has alleged a policy of requiring inmates to work in the retherm kitchen.

### 5. Declaratory Relief

Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir.1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, the verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that a defendant violated Plaintiff's rights is unnecessary.

### 6. Injunctive Relief

Plaintiff seeks injunctive relief related to defendants at Wasco State Prison. However, Plaintiff is no longer incarcerated at Wasco State Prison and has been transferred to North Fork Correctional Facility in Oklahoma. As a result, his claim for injunctive relief is now moot. See Holt v. Stockman, 2012 WL 259938, *6 (E.D. Cal. Jan.25, 2012) (a prisoner's claim for injunctive relief is rendered moot when he is transferred from the institution whose employees he seeks to enjoin from harming him); see also Andrews v. Cervantes, 493 F.3d 1047, 1053 n. 5 (9th Cir. 2007).

### IV. Conclusion and Order

Plaintiff's first amended complaint fails to state a cognizable claim. However, the Court will provide Plaintiff with a final opportunity to file an amended complaint to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S.

at 555 (citations omitted).  Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey, 693 F.3d at 927.  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint; and
4. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.</u>

IT IS SO ORDERED.

Dated:  **June 2, 2014**          /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE