<pre>
LLOYD ALBERT PAYNE,              )   1:13-cv-00313-LJO-BAM (PC)
                                 )
              Plaintiff,         )   FINDINGS AND RECOMMENDATIONS
                                 )   REGARDING DISMISSAL OF CERTAIN
      v.                         )   CLAIMS
                                 )   (ECF No. 13)
WASCO STATE PRISON, et al.,      )
                                 )   FOURTEEN-DAY DEADLINE
              Defendants.        )
                                 )
                                 )
</pre>

## UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

**Findings and Recommendations Following Screening**

### I. Background

Plaintiff Lloyd Albert Payne ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On May 2, 2014, the Court dismissed Plaintiff's complaint with leave to amend. On June 2, 2014, the Court dismissed Plaintiff's first amended complaint with leave to amend within thirty days. Plaintiff filed a second amended complaint on June 23, 2014.

On June 25, 2014, the Court screened Plaintiff's second amended complaint pursuant to 28 U.S.C. § 1915A, and found that it stated a cognizable claim against Defendants Gutierres and Butler for deliberate indifference in violation of the Eighth Amendment. However, the Court also determined that Plaintiff could not proceed with his Equal Protection claim or his request for declaratory relief. The Court therefore provided Plaintiff with an opportunity to file an amended complaint or notify the Court whether he was agreeable to proceed only against Defendants

1  Gutierres and Butler for deliberate indifference in violation of the Eighth Amendment.  (ECF No.
2  14.)
3       On July 7, 2014, Plaintiff notified the Court of his intention to proceed only on the
4  cognizable claim for deliberate indifference against Defendants Gutierres and Butler.  (ECF No.
5  15.)  Accordingly, the Court issues the following Findings and Recommendations.
6       The Court is required to screen complaints brought by prisoners seeking relief against a
7  governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. §
8  1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or
9  malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary
10 relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28
11 U.S.C. § 1915(e)(2)(B)(ii).
12      A complaint must contain "a short and plain statement of the claim showing that the
13 pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
14 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
15 conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937,
16 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65
17 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge
18 unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)
19 (internal quotation marks and citation omitted).
20      Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings
21 liberally construed and to have any doubt resolved in their favor.  Hebbe v. Pliler, 627 F.3d 338,
22 342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially
23 plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each
24 named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949
25 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir.
26 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere
27 consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at
28 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Allegations in Second Amended Complaint**

Plaintiff is currently housed at North Fork Correctional Facility in Sayre, Oklahoma. The events in his complaint allegedly occurred while he was housed at Wasco State Prison. Plaintiff names Correctional Officer Gutierres and Sergeant Butler as defendants.

Claim 1

In Claim 1, Plaintiff asserts a violation of his right to be free from cruel and unusual punishment. Plaintiff alleges as follows: To prevent greater harm to his back, Plaintiff was given medical restrictions not to stand for longer than one hour. While at Wasco State Prison working in the retherm kitchen, Plaintiff told all staff he could not stand for over an hour due to chronic back pain. Officer A. Gutierres noted above his job description. On June 6, 2012, Officer Gutierres claimed Plaintiff was faking and removed Plaintiff from the kitchen at 10:00 p.m. with Sergeant Butler. They both forced Plaintiff to stand in a cage from 10:00 p.m. to 4:00 a.m. This caused Plaintiff to suffer back pains and spasms. On June 7, 2012, Plaintiff again was forced to stand in the same cage from 8:00 p.m. to 4:00 a.m. This resulted in even greater back pain and spasms.

Claim 2

In Claim 2, Plaintiff asserts a claim for violation of the Equal Protection Clause. Plaintiff alleges that Officer Gutierres had a duty to provide for the safety and security of prisoners. Officer Gutierres and Sgt. Butler failed to equally protect Plaintiff's right from cruel and unusual punishment be punishing Plaintiff and forcing him to stand for twelve hours.

Relief

Plaintiff seeks declaratory relief, punitive damages and prospective relief in the form of physical therapy.

**III.    Discussion**

**1. Eighth Amendment – Conditions of Confinement**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir.2006) (citing Farmer v.

Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150–51 (9th Cir.2010); Foster v. Runnels, 554 F.3d 807, 812–14 (9th Cir.2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.1998).

Plaintiff states a cognizable claim against Defendants Gutierres and Butler for deliberate indifference in violation of the Eighth Amendment resulting from extended placement in the cage on two consecutive days.

**2.  Equal Protection**

The Equal Protection Clause requires that all persons who are similarly situated should be treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). To state an Equal Protection claim, Plaintiff must show that the defendants acted with an intent or purpose to discriminate against him based on membership in a protected class, Lee, 250 F.3d at 686; Barren v. Harrington, 152 F.3d 1193, 1194 (1998), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose,

Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000).

Plaintiff has not alleged that defendants discriminated against him based on membership in a protected class. Plaintiff also has not alleged that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. At best, Plaintiff has alleged deliberate indifference. The Court therefore recommends dismissal of Plaintiff's Equal Protection claim.

### 3. Declaratory Relief

Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir.1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, the verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that a defendant violated Plaintiff's rights is unnecessary.

### IV. Conclusion and Recommendation

The Court finds that Plaintiff's second amended complaint states a cognizable claim for deliberate indifference in violation of the Eighth Amendment against Defendants Gutierres and Butler, but fails to state a cognizable Equal Protection claim. The Court therefore recommends that his Equal Protection claim be dismissed, along with his request for declaratory relief.

Plaintiff was provided with an opportunity to file a third amended complaint, but opted to proceed on the cognizable claim for deliberate indifference against Defendants Gutierres and Butler. As such, the Court does not recommend granting further leave to amend.

///

///

///

Based on the foregoing, it is HEREBY RECOMMENDED as follows:

1. This action proceed on Plaintiff's second amended complaint, filed on June 23, 2014, against Defendants Gutierres and Butler for deliberate indifference in violation of the Eighth Amendment; and

2. Plaintiff's Equal Protection claim and his request for declaratory relief be dismissed.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 17, 2014**                    /s/ Barbara A. McAuliffe
                                              UNITED STATES MAGISTRATE JUDGE