# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD ALBERT PAYNE,<br><br>    Plaintiff,<br><br>    v.<br><br>WASCO STATE PRISON, et al.,<br><br>    Defendants. | Case No.  1:13-cv-00313-LJO-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT BUTLER'S MOTION TO DISMISS BE GRANTED, WITH LEAVE TO AMEND THE EIGHTH AMENDMENT CLAIM AGAINST DEFENDANT BUTLER<br>(ECF No. 25)<br><br>FOURTEEN-DAY OBJECTION DEADLINE |

### I. Procedural History

Plaintiff Lloyd Albert Payne, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 5, 2013.  This action proceeds on Plaintiff's second amended complaint, filed on June 23, 2014, against Defendants Gutierrez (erroneously sued as Gutierres) and Butler for deliberate indifference in violation of the Eighth Amendment to the United States Constitution.

On October 29, 2014, Defendants filed a motion to dismiss the complaint against Defendant Butler pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (ECF No. 25.)  Plaintiff opposed the motion on November 17, 2014.  (ECF No. 26.)  Defendants did not file a reply and the motion has been submitted upon the record without oral argument. Local Rule 230(*l*).

## II. Motion to Dismiss for Failure to State a Claim

### A. Legal Standard

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted), cert. denied, 132 S.Ct. 1762 (2012). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party, *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000), and pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

### B. Discussion

#### 1. Relevant Allegations in Second Amended Complaint

Plaintiff alleges as follows:

> To prevent greater harm to my back I was given Medical restrictions not to stand for no longer on hour…While at Wasco State Prison working in the retherm kitchen I told all staff I could not stand for over a[n] hour due to chronic back pain. . . On June 6, 2012, when [Defendant Guitierres] claim I was faking and removed from the kitchen at 10:00 pm with Sgt. Butler who both forced me to stand in a cage from 10:00 pm to 4:00 am Punishing me to stand in a cage causing

> me to suffer greater back pain/spasms by punishing me in a cage over one hour.
>
> On June 7, 2012, to punish me again I was forced to stand in the same cage from 8:00 pm to 4:00 am resulting in an even greater back spasms and chronic pain. Ever[] since the night . . . June 6 and June 7 I have more back spasm from having been cruel and unusually punished by the officers who committed acts of cruelty against me with out justification.

(ECF No. 13, pp. 3-4.)

### 2.   Analysis

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. *Morgan*, 465 F.3d at 1045 (citing *Rhodes*, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. *Morgan*, 465 F.3d at 1045 (quotation marks and citations omitted); *Hope v. Pelzer*, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); *Rhodes*, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, *Morgan*, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. *E.g., Farmer*, 511 U.S. at 847; *Thomas v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010); *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009); *Morgan*, 465 F.3d at 1045; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). This requires the prisoner to demonstrate (1) the existence of an objectively serious risk of harm and (2) that, subjectively, prison officials knew of and disregarded that risk.

1 *E.g., Farmer*, 511 U.S. at 834, 847; *Thomas,* 611 F.3d at 1150-51; *Foster*, 554 F.3d at 812.

2       In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation. *Johnson*, 217 F.3d at 731.  With respect to the objective element, Plaintiff has alleged that he was at serious risk of harm from being forced to stand in a cage for six hours and eight hours respectively for two consecutive days despite a back condition preventing him from standing for more than one hour at a time.  Defendant Butler's arguments that Plaintiff has not alleged any prison conditions that fall below an objectively constitutional standard are not persuasive.  Plaintiff alleges the necessary objective element of an Eighth Amendment claim. *See, e.g., Hope*, 536 U.S. at 738 (punitive treatment which amounts to gratuitous infliction of wanton and unnecessary pain is prohibited by the Eighth Amendment).  Defendant Butler's additional argument that attachments to Plaintiff's complaint demonstrate a penological purpose for his placement in the cage, i.e., Defendant Gutierrez' belief that Plaintiff was refusing to work, is contradicted by Plaintiff's allegations that he was being punished by Defendant Gutierrez and had a legitimate back condition. *Morgan*, 465 F.3d at 1045 (actions devoid of legitimate penological purpose violate the Eighth Amendment). However, Defendant Butler appropriately contends that Plaintiff has failed to allege whether it was Defendant Butler who forced him to stand in the cage on the second day, June 7, 2012, or how Plaintiff was forced to "stand" the entire time.

      With respect to the subjective element, Plaintiff alleges that he informed all staff working in the retherm kitchen that he could not stand due to chronic back pain.  Defendant Butler correctly notes that there are no allegations demonstrating that Defendant Butler ever had actual knowledge of Plaintiff's back condition or restrictions.  In particular, there are no allegations that Defendant Butler was part of the kitchen staff or that he knew of the alleged medical restrictions that prevented Plaintiff from standing for one hour.

      For the reasons discussed, the Court finds that Plaintiff fails to state a cognizable Eighth Amendment claim against Defendant Butler and will recommend that Defendants' motion to dismiss the second amended complaint against Defendant Butler for failure to state claim be

granted.

Although Plaintiff suggests that he can allege additional facts demonstrating that he expressly informed Defendant Butler regarding his back condition, Defendant Butler was responsible for placing him in the cage on the second day, there was no justifiable reason for placing him in the cage, and he could not sit in the cage, such new allegations raised in the opposition "are irrelevant for Rule 12(b)(6) purposes." *Schneider.*, 151 F.3d at 1197 n.1. "The focus of any Rule 12(b)(6) dismissal . . . is the complaint." *Id.* Accordingly, the Court considers the new allegations raised in Plaintiff's opposition for the sole purpose of determining whether or not it is appropriate to grant Plaintiff leave to amend his claims. The Court must grant pro se litigants leave to amend the complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). In this instance, it appears that Plaintiff can cure the defects in his claim against Defendant Butler by the allegation of additional facts. The Court will therefore recommend that leave to amend be granted.

## IV.  Conclusion and Recommendation

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Defendants' motion to dismiss, filed on October 29, 2014, be GRANTED; and
2. Plaintiff be GRANTED leave to file a third amended complaint clarifying his Eighth Amendment claim against Defendant Butler.[1]

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to

///

///

---

[1] Plaintiff should wait, and <u>not</u> file an amendment in response to these Findings and Recommendations. Plaintiff will be directed to take further action at the appropriate time by the assigned United States District Judge after the Findings and Recommendations are submitted for consideration and a ruling.

Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 23, 2015**                         /s/ *Barbara A. McAuliffe*
                                                          UNITED STATES MAGISTRATE JUDGE