1

2

3

4

5

6

7

8                           **UNITED STATES DISTRICT COURT**

9                           **EASTERN DISTRICT OF CALIFORNIA**

10

11   LLOYD ALBERT PAYNE,                    )   Case No.  1:13-cv-00313-LJO-BAM PC
                                            )
12                  Plaintiff,              )   ORDER ADOPTING FINDINGS AND
                                            )   RECOMMENDATIONS RECOMMENDING
13          v.                              )   DEFENDANT BUTLER'S MOTION TO DISMISS
                                            )   BE GRANTED, WITH LEAVE TO AMEND THE
14   WASCO STATE PRISON, et al.,            )   EIGHTH AMENDMENT CLAIM AGAINST
                                            )   DEFENDANT BUTLER
15                  Defendants.             )
                                            )
16                                          )   (ECF No. 28)
                                            )
17                                          )   THIRTY DAY DEADLINE FOR PLAINTIFF TO
                                            )   EITHER:
18                                          )
                                            )   (1) FILE AMENDED COMPLAINT, OR
19                                          )
                                            )   (2) NOTIFY COURT OF HIS WILLINGNESS TO
20                                          )   PROCEED ONLY AGAINST DEFENDANT
                                            )   GUTIERREZ ON EIGHTH AMENDMENT
21                                          )   DELIBERATE INDIFFERENCE CLAIM
                                            )
22                                          )
                                            )
23   ———————————————————————————            )

24

25          Plaintiff Lloyd Albert Payne, a state prisoner proceeding pro se and in forma pauperis, filed

26   this civil rights action pursuant to 42 U.S.C. § 1983 on March 5, 2013.  This action proceeds on

27   Plaintiff's second amended complaint, filed on June 23, 2014, against Defendants Gutierrez

28

                                              1

(erroneously sued as Gutierres) and Butler for deliberate indifference in violation of the Eighth Amendment to the United States Constitution.

On October 29, 2014, Defendants filed a motion to dismiss the complaint against Defendant Butler pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  (ECF No. 25.)  Plaintiff opposed the motion on November 17, 2014.  (ECF No. 26.)  On July 23, 2015, the Magistrate Judge issued findings and recommendations that Defendants' motion to dismiss Defendant Butler be granted, but that Plaintiff be granted leave to file a third amended complaint clarifying his Eighth Amendment claim against Defendant Butler.  (ECF No. 28.)  The order informed the parties that they had fourteen days within which to file objections to the findings and recommendations.  The time for filing such objections has passed, and none have been filed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Plaintiff shall be required to either file a Third Amended Complaint, or notify the Court in writing of his willingness to proceed only on the cognizable Eighth Amendment deliberate indifference claim against Defendant Gutierrez.  Should Plaintiff choose to proceed only on his Eighth Amendment claim against Defendant Gutierrez, then the Court will order Defendant Gutierrez to answer the Second Amended Complaint, and shall dismiss Defendant Butler from this action.

Should Plaintiff choose to amend his complaint, the third amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1974 (2007) (citations omitted).  Each defendant is only liable for his or her own misconduct.  Iqbal, 556 U.S. at 677.  Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v.

2

1  Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Also, if Plaintiff decides to file

2  an amended complaint, he is advised that an amended complaint supersedes the original complaint,

3  Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012) (en banc), and it must be complete in

4  itself without reference to the prior or superseded pleading, Local Rule 220.  The amended complaint

5  should be clearly and boldly titled "Third Amended Complaint," refer to the appropriate case number,

6  and be an original signed under penalty of perjury.

7         Accordingly, IT IS HEREBY ORDERED that:

8         1.      The Findings and Recommendations issued on July 23, 2015, are ADOPTED IN

9                 FULL;

10        2.      Defendants' motion to dismiss, filed on October 29, 2014, is GRANTED, with leave to

11                amend;

12        3.      Plaintiff is GRANTED thirty days from the date of service of this order in which to

13                EITHER:

14                (1)     File a third amended complaint; OR

15                (2)     Notify the court of his willingness to proceed only against Defendant Gutierrez

16                        on his Eighth Amendment deliberate indifference claim;

17        4.      The Clerk of Court shall send Plaintiff an amended complaint form;

18        5.      Should Plaintiff choose to amend his complaint, he shall caption the amended

19                complaint "Third Amended Complaint" and refer to case number 1:13-cv-00313-LJO-

20                BAM PC;

21        6.      Plaintiff is warned that if he fails to comply with this order, the Court shall dismiss his

22                action for failure to comply with a court order; and

23        7.      This case is referred back to the Magistrate Judge for further proceedings consistent

24                with this order.

25  **IT IS SO ORDERED**
    **Dated: August 20, 2015**

26                                    **/s/ Lawrence J. O'Neill**
                                      **United States District Judge**
27

28